# Gang Land News
### Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

July 10, 2020

Honorable Jed S. Rakoff
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: US v. Fyfe, 16CR583 (JSR)**

Dear Judge Rakoff:

As instructed in a telephone call to your chambers on Thursday, July 9, I have submitted by U.S. mail a *pro se* letter motion to unseal the above referenced indictment of Vincent Fyfe.

As I stated in the four page letter, I was informed that the case was transferred to you by Judge Paul Crotty's courtroom deputy.

I have also included a courtesy copy of the letter motion.

Sincerely,

Jerry Capeci

# **Gang Land News**
### *Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

July 10, 2020

Honorable Jed S. Rakoff
Southern District of New York
500 Pearl Street
New York, NY 10007

### Re: US v. Fyfe, 16CR583 (JSR)

Dear Judge Rakoff:

I respectfully submit this letter for the purpose of intervening in the above referenced case in order to assert the public's rights under the common law and First Amendment to have access to the criminal charges against Vincent Fyfe. Upon information and belief, defendant Fyfe pleaded guilty to embezzlement and receiving illegal kickbacks in 2016 in a sealed proceeding before U.S. District Court Judge Paul Crotty.

Specifically, I petition the Court to treat this application as a claim asserted by an interested party seeking the release to the public of the entire case file of the indictment or information that was filed by the Manhattan U.S. Attorney's Office against defendant Fyfe in connection with crimes he committed as president of Local 2D of the United Food & Commercial Workers Union.

This petition is made pursuant to the tenets of the common law and the First Amendment of the Constitution, and all the relevant statutes and judicial precedents that ensure the public's right of access to all judicial documents in criminal prosecutions in the United States of America.[1] In this regard, several courts, including the Second Circuit, have recognized that a third-party motion to intervene is a procedurally proper device for the purpose of protecting the public right

---

[1] In addition to the common law right of access, courts have also found the First Amendment to the United States Constitution to presume a right of the public to inspect and copy judicial records and documents. *See Nixon v. Warner,* 435 U.S. 589, 597 (1978); *Va. Dep't of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988). Notably, the First Amendment's guarantee of that right is much stronger than the guarantee provided by the common law. *Wash. Post,* 386 F.3d at 575; *see also Press-Enter. Co. v. Super. Ct. of Cal. for the County of Riverside,* 478 U.S. 1, 15 (1986); *Stone,* 855 F.2d at 180.

1

# Gang Land News
## Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

of access to documents filed in a criminal proceeding. *See, e.g., United States v. King,* 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller,* 837 F.2d 84, 85 (2d Cir. 1988); *Herald,* 734 F.2d at 96. *In re Application of Herald Co.,* 734 F.2d 93, 96 (2d Cir. 1984).

Since the 1970s, I have covered federal court proceedings as a staff reporter for the New York Post and New York Daily News, as a freelance writer, and also as an author of several non-fiction books about crime. Since 1996, I have published a weekly online column about organized crime at www.ganglandnews.com.

I have written numerous articles about Fyfe – as well as defendants in several related cases for www.ganglandnews.com, and for The Post and Daily News. I plan to write[2] about the sentencing of defendant Fyfe, who testified that he could receive up to 11 years in prison for the crimes he pleaded guilty to, but hopes to receive a non-custodial sentence in return for his decision to cooperate with the government.

Accordingly, I ask that you allow me to intervene for the limited purpose of asserting the public's right of access to the entire court file of defendant Fyfe, who testified before Your Honor in *U.S. v Giovinco 18CR14,* in November of 2019, and who, upon information and belief, is awaiting sentence before your honor.

Judge Crotty has denied two prior *pro se* motions by the undersigned reporter to unseal the Fyfe court file. But upon information and belief, petitioner asserts that this Court, which now presides over the Fyfe case, according to Judge Crotty's courtroom deputy, has information it obtained during the trial and sentencing of defendant Frank Giovinco that mandates this Court to revisit the order to keep the case under seal.

I ask that the Court treat this letter as a *pro se* motion and list it as such on the court docket sheet.

As the Court may recall, Your Honor did that on December 15, 2015, in a petition that is similar to this one, which involves a request to unseal proceedings involving a cooperating witness. (See *U.S. v Rotondo, 99CR1199 JSR,* documents 449, 450, 451, 453, and 454, dated November 9, 2015 to December 15, 2015).

---

[2] Notably, the motives of the press and public for seeking access to such records is not relevant or dispositive to whether access should be granted, because the party seeking closure bears the burden of demonstrating that the documents submitted to the court should be sealed. *DiRussa v. Dean Witter Reynolds,* Inc., 121 F.3d 818, 820 (2d Cir. 1997); *United States v. Amodeo,* 71 F.3d 1044 (The motive for seeking access is irrelevant when defining the weight accorded the presumption of access).

2

# Gang Land News
## *Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

It is well established that except in the most extraordinary cases, namely those that involve national security or safety of witnesses or other individuals, the public and the press have common law and First Amendment rights to all judicial documents in a criminal case, including those that involved cooperating witnesses in organized crime prosecutions.[3]

Ultimately, the First Amendment "guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson*, 935 F.2d 282, 287-88 (D.C. Cir. 1991); *See also In re New York Times Co.*, 828 F.2d, 110,114 (2d Cir. 1987) ("where the first amendment provides a right of access, continued, sealing of documents may be justified only with specific, on-the record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.")

In this case, in response to a previous *pro se* motion to unseal by the undersigned petitioner, the same prosecutors who were responsible for sealing the charges against Fyfe back in 2016, and who handled the trial of Giovinco before Your Honor, consented in a letter dated January 9, 2020, to unseal the transcript of Fyfe's guilty plea as well as the charging document in his case. (Petitioner has not included this letter, or any of the filings by petitioner or Fyfe's counsel but will submit them if the Court has not received them from Judge Crotty.)

But in two memo endorsed rulings, Judge Crotty refused to unseal the file. In his more detailed one, on January 23, 2020, the judge wrote: "The requested material will be disclosed after Fyfe is sentenced; but not before that." The Court's second ruling, on June 23, was one word: "Denied."

In neither decision, did the Court give any legal justification why "the requested material" should continue to remain under seal. *See Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510-11 (1984) ("The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling United States interest.")

*See also U.S v. Sattar*, 471 F. Supp. 2d 380, 389 (S.D.N.Y. 2006) "The Court has carefully redacted the documents to assure that the redactions are narrowly tailored to redact only the

---

[3] These rights include documents related to the sentencing of cooperating witnesses who have received 5K1 letters, as Fyfe is expected to receive. Even the most notorious cooperating witness in American history has not been subject to such sealing privileges as Fyfe. *See USA v. Gotti, et al., 90-CR-01051 (EDNY 1990)* (The docketed entries include, among other things, Salvatore Gravano's judgment of conviction, sentencing memoranda, sentencing minutes, and letters from the U.S. Attorney's Office written on his behalf for leniency).

# Gang Land News
**Real Stuff about Organized Crime**

capeci@ganglandnews.com
Jerry Capeci

matters as to which there is a sufficiently compelling interest in personal privacy." The Second Circuit has repeatedly "reinforce[d] the requirement that district courts avoid sealing judicial documents in their entirety unless necessary. Transparency is pivotal to public perception of the judiciary's legitimacy and independence." *U.S. v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008). This requirement should also apply to defendant Fyfe.

In addition, while Judge Crotty's decision is dated June 23, 2020, one day after defendant Giovinco was sentenced, His Honor did not witness defendant Fyfe when he testified, nor did he possess the information about Giovinco's sentencing that this Court possesses about the case. As a result, the issue of the sealing of Fyfe's case cries out for a ruling to unseal by this Court, which will be called on to sentence defendant Fyfe in the coming months.

For all the above-stated reasons, and for any other legal doctrine that Your Honor deems relevant and appropriate, I respectfully petition your Honor to unseal all the documents in U.S. v Fyfe. The public, which includes approximately 1600 members of defendant Fyfe's former union, has a common law and First Amendment right to have access to his criminal case now, not after he is sentenced.

Thank you.

Sincerely,

*[signature]*

Jerry Capeci
cc AUSAs Kimberly Ravener, Jason Richman, Justin Rodriguez, defense attorney Joseph Giaramita