UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
UNITED STATE OF AMERICA                    Docket 1:16 CR 00583 (JSR)

   -against-                              **NOTICE OF MOTION**

VINCENT FYFE,
                Defendant,           Date: February 2, 2021
------------------------------------------------------------ X

      PLEASE TAKE NOTICE, that upon the affidavit of VINCENT FYFE, duly sworn of the 23rd day of December, 2020, the affidavit of JOSEPH GIARAMITA, ESQ., affirmed on the 23rd day of December, 2020, the defendant will move before this Court on February 2, 2021 at 9:30 a.m. or as soon thereafter as this matter can be heard for an Order.

1. To remove the automatic bar imposed by section 504 of the Labor–Management Reporting and Disclosure Act (LMRDA) on the grounds that it has been clearly demonstrated that:

    A. Employment in one of the prohibited positions is not contrary to the purposes of the LMRDA; and

    B. That the defendant have been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger an organization in the position for which relief from the bar is sought;

1

C. For such other and further relief as this Court deems just and proper.

Dated: December 23, 2020
Brooklyn, New York

JOSEPH GIARAMITA, ESQ.
Attorney for Defendant
VINCENT FYFE
8215 Fifth Avenue
Brooklyn, New York 11209
718/748-4440

To: AUSA Kimberly Ravener
UNITED STATES ATTORNEY
1 St. Andrews Plaza
New York, New York 10007

U.S. Department of Labor
Division of Enforcement N-5119
200 Constitution Ave N.W.
Washington, D.C. 20210
(Certified mail, return receipt requested)

a. 180

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
UNITED STATE OF AMERICA

-against-

VINCENT FYFE,

                Defendant,
----------------------------------------------------------- X

Docket 1:16 CR 00583 (JSR)

**AFFIDAVIT IN SUPPORT**

STATE OF NEW YORK   )
COUNTY OF RICHMOND ) ss.:

VINCENT FYFE, being duly sworn, deposes and says:

1. I am the defendant in this case and familiar with the facts asserted herein and submit this affidavit in support of the motion to remove the automatic bar set by 29 U.S.C. Section 504 of the Labor – Management Reporting and Disclosure Act (LMRDA).

2. I am aware that the office of Labor – Management Standard (ULMS), U.S. Department of Labor is responsible for enforcing most of the provisions of the (LMRDA).

3. My sentence date is February 2, 2021 and is from a plea of guilty that was entered on November 16, 2012. I continued to work in my position as President of UFCW Local 2D until March 10, 2020.

4. I request to have the bar removed to permit service in a particular prohibited capacity on the grounds that I have clearly demonstrated that:

    A. Service in one of the prohibited positions is not contrary to the purposes of the LMRDA; and

3

B. That I have been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger an organization in the position for which relief from the bar is sought;

5. I request a hearing if your Honor wishes to proceed in that manner.

6. The Court is aware of my cooperation with the Government, including testifying in United States v. Frank Giovinco.

7. I was relieved of duty as President of Local 2D by the International Union on March 10, 2020.

8. Since then, the Union has sought my assistance with the transition. They paid my salary for all of March, April and the first week of May. They let me keep my car and phone until June. They continue to pay my medical benefits to date and they are aware I am in treatment for Hodgkins Lymphoma.

9. Since my termination, Dave Young, the lead trustee for local 2D and Stephen Booras, deputy, trustee asked me to assist them using the institutional knowledge of the workings of Local 2D, the employers I represented and knowledge throughout my career. This continues almost daily. I've prepared reports and reviewed proposals, interpreted and explained contract language, which is based upon past practice examples. I also give health, welfare and pension advice. I provide input into the negotiation of covid procedure and layoffs as well as collective bargaining agreement language for contract negotiating renewals.

10. I am involved in or have received the following awards (Exhibit A):

   a. I have been honored as the man of the year for the following charities during my career (25 years) at local 2D;

   b. Association for the Help of Retarded Children ("AHRC") twice For helping raise money for Handicap and mentally challenged children and adults. (2007, 2012);

   c. Man of the year Boys and Girls Town of Italy aka (A Chance in Life) helping; Underprivileged children from other countries. (2010) I also served as a Board member of the Charity from 2011-2020;

   d. Man of the year for Michaels Cause Annual Dinner Gala(2015). Michaels Cause is a Charity raising money for Duchenne Muscular Dystrophy and the fight to find a cure. I am a member of the Board of Ambassadors of Michaels Cause. I hold an annual golf outing dedicated to the charity and have raised over $250,000.00 to date; and

   e. Donated to multiple charities personally and in the industry as well as throughout the UFCW, including St. Jude's Children's Hospital, and UFCW Leukemia and Lymphoma Society.

11. Copies of awards are annexed as Exhibit A.

12. If I am able to receive the waiver I have numerous opportunities as a consultant, advising employers and organizations on all aspects of business related issues including, but not limited to, managerial, personnel, labor issues related to running their business. This also includes being able to serve at the position designated by the employees. I have prospective employers interested in my consulting services. I do not seek to hold any position within a Labor Union or that of a staff member. I will not be making any decisions on money issues or Benefit Funds Under ERISA.

13. Letters of support from a prospective employer is annexed as Exhibit B.

VINCENT FYFE

Sworn to before me this 23rd day of December, 2020

_Lorraine Thompson_
Notary Public

LORRAINE THOMPSON
NOTARY PUBLIC OF NEW JERSEY
Commission No. 2263456
My Commission Expires Sept. 21, 2025

a. 180

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
UNITED STATE OF AMERICA          Docket 1:16 CR 00583 (JSR)

   -against-                               **AFFIDAVIT IN SUPPORT**

VINCENT FYFE,
           Defendant,
----------------------------------------------------------- X

STATE OF NEW YORK   )
COUNTY OF KINGS    ) ss.:

JOSEPH GIARAMITA, being duly sworn, deposes and says:

1. I am the attorney for the defendant in this case and familiar with the facts asserted herein and submit this affidavit in support of the motion to remove the automatic bar which is set by 29 U.S.C. Section 504 of the Labor – Management Reporting and Disclosure Act (LMRDA).

2. The office of Labor–Management Standard (ULMS), in the U.S. Department of Labor is responsible for enforcing most of the provisions of the (LMRDA).

3. My client's sentence date is February 2, 2021 and is from a plea of guilty that was entered on November 16, 2012. He worked in his position until March 10, 2020.

4. Vincent Fyfe pleaded guilty before this Court. As a result of those convictions, the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") prohibits Fyfe from working in certain capacities for any labor union until February, 2034. Fyfe now moves, pursuant to § 504 (a) of the LMRDA, for an exemption from that prohibition so that he may be employed as a consultant advising businesses. He will not work for any Union or anything related to ERISA.

1

5. We ask this Court to grant the motion because, as explained in more detail below, Fyfe has demonstrated his rehabilitation and because his employment would not conflict with the purposes of the LMRDA.

6. On January 1, 1995, Fyfe became employed by local 2D and became the President of it after the head of the Local passed away on January, 2001.

7. But Fyfe also committed crimes. Specifically, Count 1 charges from 2005-2008, he received invoices for merchandise sold to Local 2D of the United Food and Commercial Workers Union ("UFCW") that he knew to be for amounts greater than the value of the merchandise provided to Local 2D, caused the invoices to be paid to the vendors with local 2D funds, and received cash payments back from the vendors from the Local 2D funds used to pay those invoices (29 U.S.C. §501(c)).

Count 2 charges that from 2008 through 2011, in the Eastern District of New York, and elsewhere, VINCENT FYFE, being the President of Local 2D of the United Food and Commercial Workers Union (UFCW), a labor organization, whose members were covered by an employee welfare benefit plan, the Local 348-S Health and Welfare Benefits Plan, caused certain members of Local 2D to join the Local 348-S Plan and then accepted cash payments from vendors that sold services to the Local 348-S Plan (18 U.S.C. § 1954).

Count 3 charges that in 2009, in the Eastern District of New York, and elsewhere, VINCENT FYFE, being an officer of an employee pension plan, the Wine, Liquor and Distillery Workers Union Local 2D Pension Fund (the "Local 2D Pension Fund), recommended an investment to the trustees of the Local 2D Pension Fund and, after the

Local 2D Pension Fund purchased the investment, accepted a cash kickback from the broker who sold the investment to the Local 2D Pension Fund (18 U.S.C. § 1954).

8. Overall, he received between $6,500.00 and $15,000.00 (PSR, paragraph 30). Fyfe met with law enforcement in August, 2012 and promptly began cooperating with the Government. Three months later, he surrendered <u>and pled</u> guilty on November 16, 2012. Pursuant to his cooperation agreement, Fyfe pleaded guilty to one count of Embezzlement of a Labor Organization in violation of 29 U.S.C. § 501(c). At Fyfe's sentencing on February 2, 2021 it is expected that the Government will move for a sentence pursuant to 18 U.S.C. § 3553(e) and § 5K1.1 of the Sentencing Guidelines, in view of his substantial cooperation.

9. Since his entry of a plea of guilty on November 16, 2012, Fyfe completed his work as head of Local 2D without incident.

10. <u>He does not</u> seek to work for a Union as a staff member or officer.

11. Fyfe has expressed interest in as a consultant. If permitted to be employed in that capacity, Fyfe plans to advise employees on all aspects of business related issues, including but not limited to, managerial, personnel and labor issues related to running their business. This includes being available to serve at the position designated by the employees. Several prospective employees have requested his work as an employee in their company.

12. Fyfe seeks an exemption so that he may be employed in a consultant capacity for these purposes.

13. Section 504 (a) of the LMRDA bars persons convicted of certain crimes, from serving "as a consultant or adviser to any labor organization" for a period of thirteen years after conviction or the end of the term of imprisonment, whichever is later. 29 U.S.C. §

504(a). However, it also provides a mechanism for obtaining relief from that prohibition. Those purposes include ensuring that "labor organizations, employers, and their officials adhere to the highest standards of responsibility and ethical conduct in administering the affairs of their organizations," § 401(a), as well as preventing abuses by "representatives of a labor organization [who] occupy positions of trust," § 501(a). In making its determination, the Court is instructed to consider policy statements of the Sentencing Guidelines. The applicable policy statement provides that:

> The statute provides three avenues for relief: "(1) petitioning the sentencing court to reduce the duration the statue applies, (2) obtaining full restoration of citizenship rights, or (3) petitioning based on the for an exemption Court's determination that the in the prohibited petitioner's service capacities does not violate the purposes of the Act." U.S. v. Cullison, 422 F.Supp.2d 65, 69; United States v. Lipsky, 422 F.Supp.480. (D.D.C. 2006). While Lipsky notes that he has received a Certificate of Relief from Disabilities from the State of New York, he does not argue that it is sufficient to justify relief under the second paragraph of § 504(a). Rather, he seeks relief through the first or third paragraph, which, because more than three years have passed since his release, provide the same standard in his case. See United State v. Peters, 938 F.Supp.2d 296, 298 (N.D.NY. 2013) ("The only difference between a reduction and an exemption is that an exemption does not require the passage of initial three-year period, while a reduction does."). See also United States v. Lipsky, 221 F. Supp. 3d. 480 (2016).[1]

14. In making its determination, the Court should consider policy statements of the Sentencing Guidelines. The applicable policy statement provides that: Relief shall not be given to aid rehabilitation, but may be granted only following a clear demonstration by the convicted person that he or she has been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger the organization in the position for which he or she seeks relief from disability. U.S.S.G. § 5J1.1 (2016). Therefore, in evaluating a motion under § 504(a), "courts must analyze whether the petitioner has been fully rehabilitated, and whether it would be contrary to the purposes of the LMRDA,

---

[1] Credit for much of the analysis is given to that written decision.

considering the nature and gravity of the petitioner's crime(s), for the petitioner to hold such a position." <u>United States v. Peters</u>, 938 F.Supp.2d 296, 299 (N.D.N.Y. 2013).

15. It is urged that Fyfe has made a showing of rehabilitation. Prior to his arrest, Fyfe promptly met with law enforcement, surrendered, accepted responsibility for his offense and cooperated fully with the Government. During this period, he committed a driving while intoxicated offense, a misdemeanor, in Richmond County on July 24, 2019. It was reduced to a driving while impaired on July 3, 2019. The disposition was to a violation and not to a criminal conviction and there was no accident. Otherwise, his record has been umblemished. His probation officer expressed the belief that Fyfe has showed remorse for his offense, followed all directions, and never caused any problems during post arrest cooperation.

16. After his plea, Fyfe undertook productive work on behalf of others. In this regard, he was involved in the following:

   a. He has have been honored as the Man of the Year for during his career (25 years) at local 2D by:

   b. Association for the Help of Retarded Children ("AHRC") (twice) for helping raise money for Handicap and mentally challenged children and adults. (2007, 2012);

   c. Man of the Year Boys and Girls Town of Italy aka (A Chance in Life) helping; Underprivileged children from other countries. (2010) he also served as a Board member of the Charity from 2011-2020;

   d. Man of the Year for Michaels Cause Annual Dinner Gala (2015). Michaels Cause is a Charity raising money;

For Duchenne Muscular Dystrophy and the fight to find a cure. He is a member of the Board of Ambassadors of Michaels Cause. He holds an annual golf outing dedicated to the charity and has raised over $250,000.00 to date.

e. He donated to multiple charities both personally with his own money, as well as including St. Jude's Children Hospital and UFCW Leukemia, Lymphoma Society and in the industry as well as throughout the UFCW.

17. A request to have the bar removed to permit service in a particular prohibited capacity is allowed on the grounds that is clearly demonstrated that:

   a. Service in one of the prohibited positions is not contrary to the purposes of the LMRDA; and

   b. That the individual has been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger an organization in the position for which relief from the bar is sought;

18. A hearing is requested if your Honor wishes to proceed in that manner.

19. The Court is aware of my client's post conviction cooperation with the Government, including testifying in United States v. Frank Giovinco. The sentencing was scheduled immediately following the Giovinco sentencing. That was the last of the cases.

20. My client was relieved of duty as President of Local 2D by the International Union on March 10, 2020.

21. Since then, the Union has sought and received my client's assistance to help with the transition. They paid his salary for all of March, April and the first week of May. They let him keep his car and phone until June. They continue to pay his medical benefits to date and they are aware he has continuing treatment for Hodgkins Lymphoma. He also had coronavirus for 2 weeks but was not hospitalized.

22. They asked him to assist them using the institutional knowledge he has of the workings of Local 2D, the employers he represented, and of his knowledge throughout his career. This continues almost daily. He has prepared reports and reviewed proposals, interpreted and explained contract language. This is based upon past practice examples. He also gives health, welfare and pension advice. He provides input into negotiation of covid procedure and layoffs as well as collective bargaining agreement language for contract negotiating renewals.

23. Neither the statute nor the applicable policy statement in the Guidelines imposes a minimum time period that must elapse before a person can obtain an exemption. Letting more time pass to become more confident of Fyfe's rehabilitation is therefore not required, and doing so here would come at an appreciable cost, as it would materially diminish the amount of time that Fyfe, who is currently 47 years old and suffers from Hodgkins Lymphoma, has to engage in the work he proposes.

24. We urge the Court to deem it unlikely that Fyfe will "endanger the organization in the position" he seeks. The role that Fyfe proposes is both limited and distinct from the work in connection with which he was engaged in. Fyfe has also undertaken to totally abstain from any Union work in the capacity of a staff member or officer.

25. Given Fyfe's demonstrated rehabilitation, as well as his conscious effort to design a role in which he would not engage in the work from which his offense arose, we urge the Court to be satisfied that Fyfe will not endanger the role he envisions. Numerous letters are enclosed which support him.

26. We urge to the Court to find that granting Fyfe an exemption would not be inconsistent with the purposes of the LMRDA. It asserts that eradicating bribery motivated the

passage of the LMRDA, the purpose of which is in part to address instances of "breach of trust and corruption" in the labor and management fields.

27. For these reasons, we ask the Court to grant Fyfe's motion for an exemption from the statutory bar to employment contained in 29 U.S.C. § 504(a).

Respectfully submitted,

JOSEPH GIARAMITA

Sworn to before me this 23/d
day of December, 2020

_____
Notary Public

AVNER BAR-AM
Notary Public, State of New York
No. 01BA6106502
Qualified in Kings County
Commission Expires March 8, 2024

a. 182